Rex, J.
On the 19th day of June, 1871, the defendant,, representing himself to he an agent of John D. Osborn, of Urbana, in this state, by false pretenses and fraudulent representations and devices, obtained the signature of one’ David H. Clemmer, of Sugar Creek township, in the county of Greene, to a promissory note, of that date, for $200, payable to J. D. Osborn, or order, in one year after date, with interest from date at the rate of six per centum per annum. The consideration of the notes was the appointment of Clemmer,as sole agent of Osborn, to sell “ The Challenge-Sulky-wheel Cultivator” in Sugar Creek township. The appointment was made by a contract in writing, signed by Clemmer, Osborn, and “ A. R. Peck, agent,” which Clemmer was also induced to sign by the false and fraudulent pretenses and devises of the defendant. The cultivator was built under letters patent, granted on the 18th day of December, 1867, but to whom they were granted, does not: appear in the record.
At the November term, 1871, of the court, the defendant was indicted, under section 2 of the act of May 4,1869,. entitled “ an act to regulate the execution and transfer of notes given for patent-rights,” etc., (66 OhioL. 93), for taking a promissory note not having the words “given for a. patent-right,” written or printed legibly and prominently on its face, above the signature thereto, knowing the consideration of such note to consist, in whole, of the right to-make, use, and vend a patented invention. At the trial, which occurred at the June term, 1872, of the court, the *28 state gave in evidence the note and contract above described, and the letters-patent, and also established by the testimony of witnesses the false pretenses and fraudulent .acts and devices by which the defendant procured the signature of Clemmer to the note, and rested. The defend.ant thereupon moved the court to discharge him, on the ground that the evidence given by the state did not tend •to prove-the offense charged in the indictment, and the court, being of opinion that the point was well taken, sustained the same, and instructed the jury to return a verdict -of “ not guilty,” to which opinion, ruling, and instruction ■ of the court the prosecuting attorney excepted. The jury, under the instruction, returned into court a verdict of “ not .•guilty,” and thereupon the defendant was discharged! A bill of exceptions embodying the evidence, and the exception taken to the opinion, ruling, and instruction of the •court, was tendered by the prosecuting, attorney, signed .and sealed by the court, and made part of the record in the •case.
The question presented by it for the consideration and •determination of this court is : Did the Court of Common Pleas err in the opinion, ruling, or instruction excepted to ?
The legislative intent can only be arrived at by giving to the language used in the act its ordinary and natural import. Reading the act by the light of this well-settled rule of interpretation, it must be conceded that the defendant, by taking-the note in question, did not violate any of its provisions. The consideration of the note taken by him from Clemmer did not consist, either in whole or in part, ■of a “patent-right,” or its synonyms, as used in the act, “ the right to make, use or vend a patented invention, or inventions claimed to be patented;” but it consisted of the .appointment of Clemmer, by Osborn, as his agent, to sell the machine in the territory named. The distinction between the word “ machine,” and the words “ patent-right,” •or patented invention, or inventions claimed to be patented, is so obvious that neither argument nor illustration is necessary to establish it.
*29 To construe the phrases “ patent right,” “ patented invention,” and “ inventions claimed to be patented,” as used' in the act, to mean machines manufactured, under letters-patent, by the patentee or his assigns, would give to them not only an unusual, forced, and unnatural import; but would also seriously interfere with and injure the manufacturing interests and commercial prosperity of the state,. which can not be presumed to have been intended by the ■ general assembly, in the passage of the act.
¥e are, therefore, of the opinion that the court of Common Pleas did not err, either in the opinion, ruling, or in- - struction excepted to.

Exceptions overruled.

McIlvaine, C. J., “Welch, White, and Gilmore, JJ.?. concurring.